FIRST NAT. BANK OF CANTON ET AL. *v.* MULHOLLAND ET AL.

[85 South. 111, In Banc.  No. 21093.]

1. WILLS. *Profit of sale of real estate is not income.*

When the will devises the income of invested money, and it appears that the money was invested in real estate, and the real estate was then sold at a profit, the profit so obtained was not income, but a part of the capital, and the remaindermen are entitled thereto.

2. WILLS. *Devisee of income held to waive right to have trustee pay him money advanced to purchase realty.*

When a devisee invests his own money in the purchase of land with the trust fund, and agrees that the title to the land shall be vested in the trustee, and also agrees that the land so bought shall be impressed with the conditions of the will, he loses his right to claim that the trustee shall pay to him the amount so advanced.

APPEAL from the chancery court of Madison county. HON. LAMAR F. EASTERLING, Chancellor.

Suit by John Mulholland and another against the First National Bank of Canton and others. Decree for complainants, and defendants appeal. Reversed and remanded.

*W. H. & R. H. Powell,* for appellant.

COOK J., delivered the opinion of the court.

This case calls for a construction of the last will and testament of James Mulholland, deceased. The bill of complaint was filed by John Mulholland and his minor son, John Mulholland. All of the heirs and devisees in the last will of James Mulholland are made parties, together with the First National Bank of Canton, Miss., which bank has duly qualified as executor of the last will of the said James Mulholland. The will, omitting the formal parts, is in these word's to wit:

"I, James Mulholland, of Scott county, Kentucky, do make and publish this my last will and testament.

"First. I desire all by just debts and funeral expenses paid as soon after my death as practicable.

"Second. I desire all my real estate to be sold by my executor, hereinafter named, and that all my personal property of every kind except my household and kitchen furniture be likewise sold by my said executor, and converted into cash, and said executor is hereby empowered. to make title to any real estate that I may own at the time of my death for the purpose of distributing my estate as herein directed.

"Third. I devise to my beloved wife, Mary Mulholland, all my household and kitchen furniture and I further devise to her in trust the sum of five hundred dollars of which amount I direct that she use the sum of two hundred and fifty dollars as offerings at such time as she may cause to be celebrated the Holy Sacrifice of the Mass, as an offering to Almighty God for the repose of my immortal soul and the remaining two hundred and fifty dollars is given to her in trust to be held by her that she may be able to make a similar offering for the spiritual welfare of her soul after she has departed this life and I suggest that she arrange with some

friend before her death to see to the application of said fund for the purpose intended. My said wife is not to be required to give any bond for said fund or to account to any court or any person for same or any part thereof.

"Fourth. After the payment of my just debts and funeral expenses and the payment of the five hundred dollars to my wife as directed in the 3rd clause of this will, I will and devise to my said wife Mary Mulholland one-third (1/3) of the remainder of my estate to be hers absolutely, to do with as she pleases.

"Fifth. Of the remaining two-thirds (2/3) of my estate, I devise to my sons Noah Mulholland; James Mulholland, Jr., Daniel E. Mulholland and, my daughter Annie McGurk, each one-sixth (1/6) thereof, absolutely to do with as they please, and to the Farmers' Bank and Trust Company of Georgetown, Ky., as trustee of my son John Mulholland, one-sixth thereof and direct that my said son John Mulholland be paid the income thereof semiannually, during the period of his natural life and at his death said principal sum shall pass to his child or children, and I devise to said Farmers' Bank & Trust Co., of Georgetown, Ky., as trustee for my daughter Mary Bethel, one-sixth thereof and direct that my said daughter Mary Bethel be paid the income thereof semiannually during the period of her natural life and at her death the same shall pass to her children.

"The said Farmers' Bank & Trust Company, as trustee for either my son John Mulholland or my daughter Mary Bethel, may if it deems advisable and judicious, invest the share of either or any portion thereof in a home for either of them, but in case they do invest the same in real estate, the title shall be taken in the name of the said trustee and said trustee is hereby given the power to change the nature of the investment whenever it is deemed advisable.

"In the event my son John Mulholland or my daughter Mary Bethel should die without child or children, or the descendants of such child or children living at the time of his or her death, then in such event, his or her share, as the case may be, shall pass to and be held by my other children herein named, in the same manner that they hold the devise made to them under the provision of this will.

"I hereby nominate and appoint James Bradley as executor of this my last will and testament.

"In testimony whereof I have hereunto set my hand this 6th day of January, 1916.

"JAMES MULHOLLAND."

The principal sum received by the present trustee of the estate from its predecessor was eleven thousand seven hundred and twenty-five dollars. This sum, together with seven hundred and twenty-five dollars furnished by John Mullholland out of his own funds, was invested by the trustee in real estate in December, 1918. In August, 1919, this real estate, through the services of John Mulholland, was sold by the trustee for eighteen thousand nine hundred and thirty dollars. John Mulholland claims that seven thousand two hundred and five dollars, being profits, should be paid to him under the fifth item of the will as income, profits, or increment, or the trustee should at least pay him six thousand four hundred and thirty dollars as soon as collected, and it is stated that the trustee is willing to make this payment should the court decide that it could do so under the terms of the will.

Under the facts stated the chancellor rendered a decree as follows, viz.:

"This cause having been set down on the issue docket for final hearing, on the bill, exhibits, waiver of process, and entry of appearance and answers of First National Bank of Canton, Miss., trustee, and Noah Mulholland, James Mulholland, Jr., Daniel E. Mulholland, Mary

Bethel, and Anna M. McGurk, who are all of the defendants in this case; and it appearing to the court from the proof made in open court before the chancellor that all of said defendants have answered the bill filed in this cause, and that their signatures to the answers are their genuine signatures; and it further appearing to the court from said answers by all of said defendants, except said bank, that they have admitted the allegations of the said bill, and have consented that the decree prayed for in said bill may be rendered by the court at this term, and it further appearing from the answer filed by said bank that it admits the allegations of said bill, and consents that at this term the court can render such decree as is lawful, but that it wants the supreme court of Mississippi to construe the will of James Mulholland so that it will be protected, and as to its powers and duties under a proper construction of the provisions of said will; and it further appearing to the court from the proof that it was the intention of James Mulholland by his will to establish a principal sum, and that all of the issues, profits, increases, and incomes over and above said principal sum should be paid by the trustee to John Mulholland, as income, during his life, and that nothing was to pass to his child or children or to the right heirs of James Mulholland, deceased, except such principal sum and that such principal sum was only the sum of eleven thousand seven hundred and twenty-five dollars; and it further appearing to the court from the proof that John Mulholland is entitled to the relief prayed by his bill—it is therefore considered and ordered by the court that the relief prayed by said bill be, and it is hereby, granted, and the principal sum to be hereafter maintained is fixed at eleven thousand seven hundred and twenty-five dollars, and said bank, trustee, and its successors in office, is hereby directed to pay to said John Mulholland for and during his natural life all issues, profits, increases, and incomes arising therefrom

123 Miss.—2.

or in connection therewith in excess of said principal sum of eleven thousand seven hundred and twenty-five dollars, but the taxes and expenses of the trust shall first be paid out of the income, and as the purchase money for the lands is collected from Dr. J. A. Beavers, mentioned in the bill, said trustee will pay it to said John Mulholland, if alive, down to such principal sum of eleven thousand seven hundred and twenty-five dollars, after paying all taxes and expenses of the trust, and that principal sum alone said trustee and its successors will keep and protect, so that it will pass as directed by the provisions of said will, and said trustee or its successors is empowered to reinvest said bill or any part of it in other real estate when collected, and sell the same without recourse to any court. The court doth find that it was the intention of said testator that said principal sum should never increase for the benefit of those provided for after the death of said John Mulholland. The clerk will record the bill, affidavits, acknowledgments, answers of all defendants, and this decree in the final record.

"Ordered, adjudged, and decreed this 17th day of November, 1919."

It will be observed that the testator by the fifth item of his will devises to the bank as trustee of his son John Mulholland one-sixth of the remainder of his estate, and directs that the trustee pay to him semiannually the income thereof.

It is claimed by John Mulholland and approved by the chancellor that the profit made in the same of the real estate was income. It seems to us that the learned chancellor erred. The authorities seem to be to the effect that the increase in the value of a fund held in trust to pay the income to one for life, and on his death to transfer the same to others, is a part of the capital, and is not income, and the remaindermen are entitled thereto. *Carpenter* v. *Perkins et al.*, 83 Conn. 11, 74 Atl.

1062; *Smith* v. *Hooper,* 95 Md. 16, 51 Atl. 844, 54 Atl. 95; *Gibbons* v. *Mahon,* 136 U. S. 549, 10 Sup. Ct. 1057, 34 L. Ed. 525.

The question as to what is capital and what is income has often arisen where stocks and the income thereof are devised, and the better reasoned cases seem to be that the stocks are capital which go to the remaindermen in cases like the present case.

In the present case the testator directed that all of his real estate and personal property be sold and converted into cash, and John Mulholland was to receive one-sixth of the income of the money so obtained through a trustee named in the will. It appears that the trustee received eleven thousand seven hundred and twenty-five cents. This sum was supplemented by John Mulholland adding thereto out of his own funds seven hundred and twenty-five dollars, and the fund thus obtained was invested in real estate by the trustee. The real estate was sold at a profit of seven thousand two hundred and five dollars, and John Mulholland now claims that the profits should be paid him. As before stated, the whole case turns upon the question, was the profit from the sale of the real estate income? We think not.

It appears that the complainant furnished out of his personal estate the sum of seven hundred and twenty-five dollars, which, added to the money in the hands of the trustee, constituted the price paid for the land. It would seem that complainant should be reimbursed for the sum paid by him, but he expressly waived this right in his petition in these words:

"Your complainant, John Mulholland, will pay to the said Durfey out of his own funds the excess over the funds in the hands of the First National Bank, and is willing that the title to all of said lands shall be taken and held in the name of the said First National Bank of Canton, Miss., as trustee, and its successors in office, impressed with the same conditions and limitations and

contingencies as are impressed upon the use and owner-ship of said trust fund now in the hands of said bank, under the terms and provisions of said will."

*Reversed and remanded.*