PIGFORD v. LADNER et al.[*]

(Division A. March 29, 1926. Suggestion of Error Overruled April 12,
1926.)

[107 So. 658. No. 25578.]

APPEAL AND ERROR. *When decree of chancery court, rendered on bill,
answer, and proof, is reversed and remanded generally, it must
be tried de novo; when decree of chancery court, rendered on bill,*

*answer, and proof, is reversed and remanded generally, on trial de novo such decree should be rendered as pleadings and evidence then require.*

When the decree of a chancery court, rendered on bill, answer, and proof, is reversed and remanded generally, it must be tried *de novo*, and such decree should be then rendered as the pleadings and the evidence then require.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 1239, n. 96; p. 1240, n. 23; p. 1242, n. 42 New.

APPEAL from chancery court of Pearl River county. HON. T. P. DALE, Chancellor.

Suit by Horace E. Ladner and others against A. A. Pigford for partition, in which defendant filed a cross-complaint. From a decree for complainants, defendant appeals. Reversed and remanded.

*Mayson & Kelly,* for appellant.

There being no testimony before the court in behalf of appellees (plaintiffs), they having refused to adduce any testimony, the application of appellants (defendants) for a decree should have been sustained. The cause was reversed and remanded and should have been tried *de novo*. It is true that if upon the second trial the testimony of both parties had been the same as that in the other case, the complainants would have been entitled to a decree; but here they are without any testimony whatever to support the decree rendered. On the other hand, appellants were prepared to obviate every objection made by the supreme court and overwhelm them with proof. When a cause is reversed and remanded it is triable *de novo*. *Adams* v. *Carter,* 92 Miss. 579, 47 So. 409.

None of the evidence taken on the former trial can be considered here. ". . . and in no event would this court be authorized to piece together the testimony appearing in the two records and supply any deficiencies of proof appearing in the record." *Gilbert et al.* v. *Glenny,* 106 So. 517.

The proceedings in the court below appear to us rather anomalous. There never was a case before, of which we have any knowledge, where the party upon whom rests the burden of proof is entitled to a judgment or decree when it is contested without some sort of proof to sustain it. There is nothing in the record here to support the appellees' decree.

*Wm. A. Shipman,* for appellees.

Certainly, the appellant, having litigated the issues to final decree in the lower court, having appealed therefrom and having lost his contention in this court, would not have been permitted to again try his case in the lower court. There must be an end to litigation some time. Then to permit the appellant, after securing an erroneous decree in the lower court, which is reversed with directions in this court, to again try the issues on such evidence as he might think, after the decision here, would be necessary to establish his cause, would be to allow him to take advantage of his own wrong and the error of the court below.

I understand the rule to be that had the defendant, upon the remand of the case to the lower court, asked leave to amend his pleading in any material particular in such case, it would perhaps have been proper for the court to have allowed such amendment; in which event the case should have been tried *de novo.* But, even so, the trial court would have the right to pass upon such suggested amendment, and unless it appeared on the face of the amendment proposed, it would have been within the discretion of the court whether to allow or deny the same.

Counsel or appellants say, "When a cause is reversed and remanded, it is triable *de novo.*" And they cite *Adams* v. *Carter,* 92 Miss. 579, 47 So. 409, as authority for the proposition. In *Y. & M. V. R. R. Co.* v. *Scott,* 67 So. 491, at 496-497, this case of *Adams* v. *Carter,* is

pronounced unsound, and the contrary doctrine is announced as the correct principle of law governing such cases.

All of the issues presented to the court below were *res judicata* by reason of the holding and decision of the supreme court in the former appeal. If this proposition is correct, then, there can be no doubt that this court will affirm the decree of the chancery court. I confidently affirm that the decision of this court in the former appeal became and is the *law of the case,* and accordingly invoke the rule in such cases here.

In the instant case there was not even an application for leave to amend the answer or cross-bill by the appellant; he simply desired to go through the same formula as before, not varying the issues or introducing new matter; not alleging any newly discovered evidence; but, so to speak, standing pat on his pleading; and so be allowed to try his case by halves. I do not think he should have been permitted to do so, and I believe the trial judge was correct in refusing to permit a rehash of the same issues that were fully and completely litigated in the first hearing. *Stewart* v. *Stebbins,* 30 Miss. 66; *N. Y. Life Ins. Co.* v. *McIntosh,* 46 So. 401; *Voorhees* v. *Bank of U. S.,* 10 Pet. (U. S.) 472, 9 L. Ed. 490; *Henderson* v. *Winchester,* 31 Miss. 290.; *Haines* v. *Haines,* 104 Miss. 830, 54 So. 433; *Bostick* v. *Hays,* 59 So. 877, citing *Wailes* v. *Johnson,* 25 Miss. 421; *Canning Co.* v. *Ott,* 88 Miss. 771, 41 So. 378; *Haines* v. *Haines,* 98 Miss. 830, 54 So. 433; *Middleton* v. *Davis,* 62 So. 164; *Bank in Liquidation* v. *Pennington,* 102 So. 386.

In none of the cases examined have I found a case in which it is held that, without amendment and the bringing of new matter before the court below, such court may proceed and hear evidence on the same issues litigated and settled by the decision of the supreme court. Those matters that were or should have been litigated under the pleadings are *res judicata.* All of the authorities so hold.

The court required the losing party in *Green* v. *McDonald,* 13 S. & M. 445, to file an amended bill as a condition precedent to another hearing in the trial court, and the action was, on appeal to the high court, pronounced correct and proper. The same is true in *Wailes* v. *Johnson et al.,* 25 Miss. 421. See, also, *Hansferd* v. *Gray,* 46 Miss. 75; *Barataria Canning Co.* v. *Ott,* 88 Miss. 771; *Creegan* v. *Hyman,* 93 Miss. 481, 46 So. 952; *Bank* v. *Pennington,* 102 So. 386. Even in the case of *Cochran* v. *Latimer,* 111 Miss. 192, 71 So. 316, where the court held the former ruling to be the law of the case, it clearly appears that before the case could, or was, tried *de novo* in the chancery court, the unsuccessful litigant was compelled to amend his pleadings.

SMITH, C. J., delivered the opinion of the court.

This is a suit for partition of land, of which Jonathan E. Ladner, deceased, was seized and possessed. The complainants are children of a second marriage of Ladner and the defendant claims by purchase from Ladner's children by his first marriage, and the issue presented by the pleading is the validity *vel non* of the second marriage. The case was before this court at the March, 1925, term, on appeal from a decree dismissing the complainants' bill rendered on bill, answer, cross-bill, and proof, and the decree was reversed and the cause remanded. *Ladner* v. *Pigford,* 103 So. 218, 138 Miss. 461. An examination of the opinion then rendered will disclose that the ground of the reversal was the failure of the defendant and cross-complainant to prove the invalidity of Ladner's second marriage. When the case came on to be again heard in the court below, the complainants requested the court below to render a decree in accordance with the opinion of this court without the hearing of further testimony, which request, over the objection of the defendant and cross-complainant, was granted, and a decree was rendered awarding the partition prayed for in

the bill of complaint. The defendant and cross-complainant has appealed to this court.

The decree appealed from recites, in effect, that no amendment had been made to the pleadings after the case was remanded to the court below, and that, consequently, no new issue was presented for decision. All this is true; nevertheless the court below should have overruled the appellee's request for a decree without a retrial of the case, for where a judgment or decree is reversed by the supreme court, and the case is remanded generally, it must be tried *de novo,* and such judgment or decree should then be rendered as the pleadings and evidence then introduced require. *Wailes* v. *Johnson,* 25 Miss. 421; *Haines* v. *Haines,* 54 So. 433, 98 Miss. 830; *Gilbert* v. *Glenny* (Miss.), 106 So. 517.

*Reversed and remanded.*