GARNER *v.* SPERRY.

(Division A.   May 27, 1935.)

[161 So. 703.   No. 31751.]

H. Talbot Odom, of Greenwood, for appellant.

A. H. Bell and R. C. McBee, of Greenwood, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant, who is the executor of the estate of G. A. Sperry, deceased, sued the appellee, the widow of Sperry, for the recovery (1) of money paid by him on a note probated against Sperry's estate, signed by him and the appellee, for the payment of which the appellant claims that the appellee was primarily liable; and (2), in addition thereto, for the sum of nine thousand seven

hundred fifty-eight dollars and forty-six cents, claimed to be due Sperry's estate by the appellee. The case was tried on bill, answer, and proof, and the bill was dismissed.

In November, 1923, Sperry conveyed to his wife a plantation owned by him, the deed reciting that, "for the consideration of the assumption by the grantor herein of the payment of my indebtedness to Harvey Minor in the principal sum of five thousand dollars with all interest thereon accrued and to accrue, and the taxes for the year 1923 on the property hereinafter described, and other valuable considerations, unto me moving the receipt whereof are hereby acknowledged, I, G. A. Sperry, do hereby convey and warrant, subject to the deeds of trust thereon, which, however, are not assumed by the grantor, one to Sam R. Coleman, Jr., trustee for the First National Bank of Greenwood and Greenwood Savings Bank, dated January 12, 1922, and recorded in Book 28 at page 89, of the record of mortgages and deeds of trust on lands of Leflore county, Mississippi, and one to B. A. Williamson trustee for the Bank of Commerce, dated January 12, 1922, and recorded in book 28, at page 93, of the aforesaid records unto A. E. Sperry, the following described property, to-wit:" etc. Thereafter he managed this planation as an agent of the appellee. He was also the manager of a gin company, his salary as such being three hundred dollars a month. The plantation account books were kept under Sperry's supervision, and a personal account of his own appears thereon showing a balance due him by the appellee of nine thousand seven hundred fifty-eight dollars and forty-six cents. Sperry kept no books of his own. He deposited his salary received from the gin company in a bank to the credit of his wife, and credited himself therewith on her books. All checks on his wife's bank account were signed "A. E. Sperry by G. A. Sperry." Payments were made by Sperry on the

indebtedness to Minor, referred to in the deed from Sperry to the appellee. These payments were not charged to Sperry's personal account, but to other appropriate accounts (such as interest and bills payable) on Mrs. Sperry's account- books.

The ground of the appellee's claim, that she is not liable to the appellant for the money paid by him on Sperry's indebtedness to Minor, is that she did not assume the payment thereof by accepting the deed from Sperry to her. In this she is correct, unless the word "grantor" in the deed to her can be read "grantee" under the rule which permits the court to correct manifest clerical errors in a contract. That rule is this: "To give effect," which a court must do, "to an obvious and apparent purpose of a contract, particular words may be disregarded; clerical or grammatical errors may be corrected." 1 Restatement, Contacts, sec. 236, Comment (b); 2 Williston on Contracts, sec. 619. Cf. State v. Rawles, 103 Miss. 806, 60 So. 782, overruling State v. Traylor, 100 Miss. 544, 56 So. 521. The obvious purpose and intent of this deed is to convey the land to the appellee in consideration of the assumption by her of the grantor's debt to Minor. Sperry was the grantor in the deed, and the promise by him to assume this debt (1) would be meaningless, for he already owed it; and (2) would not be a consideration to him for conveying the land to the appellee. The use of the word "grantor" in the deed is, therefore, a manifest clerical error for which the word "grantee" should be supplied. We have left out of view the construction placed on the deed by the parties, evidenced by the payments made on the indebtedness to Minor appearing on Mrs. Sperry's books of account. The appellant should have been allowed to recover on this item.

The appellee introduced evidence to the effect that the balance of nine thousand seven hundred fifty-eight dol-

lars and forty-six cents, appearing on the these books of account to be due Sperry, was not correct; that items that should have been charged thereto do not appear thereon, and that credits appearing thereon should not have been credited thereto. This credit made on the appellee's books, though made under the direction of Sperry, her agent, is prima facie an admission of an indebtedness to Sperry of that amount. 22 C. J. 892, and authorities there cited. The appellant is therefore entitled to recover on that item less any items shown by competent evidence to have been improperly credited thereon and less items properly chargeable thereto but not appearing thereon, among which the money paid on Sperry's debt to Minor, assumed by the appellee, should not be included.

Reversed and remanded.