# Brown *et al. v.* Sperry.

(Division A. June 6, 1938.)

[181 So. 734. No. 33255.]

Pollard & Hamner and Chas. A. Pollard, all of Green-wood, for appellants, Mrs. C. W. Brown, et al., as remain-dermen.

H. **Talbot Odom**, of Greenwood, for appellant, B. B. Provine, Administrator de bonis non.

**A. H. Bell** and **R. C. McBee**, both of Greenwood, for appellee.

Argued orally by **R. V. Pollard**, for appellant, and by **A. H. Bell**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

On January 9, 1933, the will of G. A. Sperry, deceased, was probated, reading as follows:

"I hereby give and bequeath to my good wife, Aliph Elnora, all of the property, real, personal and mixed, of which I shall die seized and possessed, to be held in trust for and during her natural life by my executor for her benefit upon the following terms and conditions, that is to say: my executor shall take possession of all of said property, real, personal and mixed, of which I shall die seized and possessed and give to her annually during her lifetime all of the net income from said property, and ·at her death, all property then on hand and in the control and possession of my said executor is hereby bequeathed to my four sisters, Mrs. C. W. Brown, Minter City, Mississippi, Mrs. G. C. Pruitt, Minter City, Mississippi, Mrs. Tom Buntin, Jackson, Tennessee, and Mrs. Neal Anderson, Jackson, Tennessee, and to the children living at that time of my deceased sister, Mrs. G. W. Johnson, formerly of Lake Wilson, Minnesota, said four sisters to each have a one-fifth interest and the children then living of my said deceased sister to have a one-fifth interest.

"I hereby appoint my good friend, W. D. Garner, in whom I have every confidence, my executor without bond."

Garner qualified as executor and thereafter filed a bill of complaint in the court below against Mrs. Sperry, seeking thereby to recover from Mrs. Sperry $3360.00 paid by him as executor on a note probated against Sperry's estate, which he said was in fact owed not by Sperry but by his widow, Mrs. A. E. Sperry, and the amount of a balance appearing due to G. A. Sperry by Mrs. A. E. Sperry on Mrs. Sperry's books of account, kept in a business owned and operated by her but conducted by G. A. Sperry as her general agent.

On an appeal from a decree dismissing this bill, reported as Garner v. Sperry, 173 Miss. 11, 161 So. 703, that decree was reversed, the court holding that a recovery should be permitted on the note and for the amount of

credit to Sperry appearing on Mrs. Sperry's books of account "less any items shown by competent evidence to have been improperly credited thereon and less items properly chargeable thereto but not appearing thereon among which the money paid on Sperry's debt to Minor [the note hereinbefore mentioned], assumed by the appellee, should not be included."

On the return of the case to the court below it was again tried on the same evidence introduced on the first trial, with some additional evidence. The pleadings now presented by the record will not be set out in full, but the questions presented thereby and decided will hereinafter appear. There is a direct appeal by Provine and the remaindermen, and a cross-appeal by Mrs. Sperry.

Garner died; B. B. Provine was appointed administrator de bonis non of Sperry's estate and proceeded with the suit hereinbefore referred to begun by Garner. In addition to Mrs. Sperry and Provine the remaindermen under Sperry's will are parties hereto. (1) The court below awarded Provine a recovery for the $3360.00 paid by Garner on the note probated against Sperry's estate, in accordance with the opinion rendered herein on the former appeal, and (2) for $4445.95 being, according to the decree, the true amount due, on the evidence, by Mrs. Sperry to G. A. Sperry on his open account appearing on Mrs. Sperry's books. Provine was authorized by the decree to charge both of these items against any income in or coming into his hands which under Sperry's will should be paid to Mrs. Sperry.

The first of these items is, of course, correct, and on the evidence we are unable to say that the court below erred in fixing the amount due by Mrs. Sperry on G. A. Sperry's open account appearing on her books. No error was committed in authorizing Provine to charge these two items against Mrs. Sperry's income from the trust estate. The will does not create a spendthrift trust; nor in any way attempt to remove the income of the trust

estate from liability for the debts of the life beneficiary thereof. "If a beneficiary is under a liability to the trustee as such, his interest in the trust estate is subject to a charge for the amount of his liability." 1 Restatement Trusts, sec. 251. The $3360.00 item is undoubtedly within this rule. Whether the $4445.95 item is also within this rule depends on whether the testator's will indicates an intention to exclude it therefrom. "Where a testator leaves his property to his executor in trust and a beneficiary of the trust is indebted to the testator, the interest of the beneficiary in the trust estate is subject to a charge for the amount of his indebtedness, unless the testator manifested an intention to discharge the debt, or manifested an intention that the beneficiary should be entitled to enjoy his interest even though he should fail to pay his indebtedness." 1 Restatement, Trusts, sec. 251, comment b.

Counsel for the appellee say that the testator here manifested such an intention, for the reason that he devised and bequeathed all his property to Mrs. Sperry, and although he directed it to be held in trust during her lifetime he also directed the trustee to "give her annually during her lifetime all of the net income from said property." By the use of the word "all" they say the testator meant to prohibit the charge of any indebtedness due him by Mrs. Sperry to this income, that if the debt so due by her is charged against the income the testator's intention that she should receive all the income would be thwarted. The fallacy in this argument is this: When the income is applied to the payment of a debt due by the beneficiary to the trustee the beneficiary is not thereby deprived of the benefit of the income any more than would be the case if the income was paid to the beneficiary and then applied by him to the payment of the debt in discharge of his obligations so to do. If the will had provided not that all the income should be paid the beneficiary without any restrictions thereon, but that suffi-

cient thereof should be paid her for her support and maintenance, a different question would arise, as to which we express no opinion.

The main portion of the corpus of this trust estate is one hundred and fifty-two shares of stock in the Minter City Gin Company, of the par value of $15,200.00. This stock was sold by Provine after it came into his hands, by permission of the court, for $18,781.81, and the difference between this amount and the par value of the stock —$3581.81—was held to be income and directed to be paid to Mrs. Sperry as such. In so holding the court was in error. With exceptions not here present "money or other property received by the trustee as the proceeds of a sale or exchange of the principal of trust property is principal," and also with exceptions not here present "profits arising from the sale or exchange of the principal of trust property or any enhancements in the value of the principal of trust property are allocable to principal, not income." 1 Restatement, Trusts, sec. 233, comment b. First National Bank of Canton v. Mulholland, 123 Miss. 13, 85 So. 111, 13 A. L. R. 1000. This rule applies to corporate stock. Note to the above case in 13 A. L. R. 1009. But it is said by counsel for the appellee that the value of this stock was fixed in the administration proceedings by the report of the appraisers of Sperry's estate at the par value thereof. This is true, but that fact has no bearing here. We are not dealing with the rights and liabilities of Provine as an administrator only but with his rights and duties as trustee of the property under the terms of the will. But aside from that, when a trustee sells trust property it is immaterial what its actual value is; whatever he receives for it becomes a part of the corpus of the estate.

All the dividends declared and collected on this corporate stock after Sperry's death were awarded to Mrs. Sperry as income from Sperry's estate. While Garner, the original executor-trustee, was administering the trust the gin company declared several annual divi-

dends. During the years for which they were declared the corporation earned nothing, but on the contrary suffered losses; these dividends, however, were paid out of a surplus that had accumulated prior to Sperry's death. Provine claimed that these dividends should have been applied by Garner not to income but to the corpus of the estate, and sought permission to charge the amount thereof against the dividends collected by him (Provine). The court below did not permit him so to do.

Where a testator devises corporate stock in trust, the income therefrom to be paid to one for life, and on his death the stock to be delivered to and become the property of another, dividends paid on this stock after the testator's death out of money earned by the corporation after his death are income payable to the life tenant, but dividends paid thereon, as here, after the testator's death wholly out of earnings of the corporation prior to the testator's death which had accumulated in the form of a surplus, are part of the corpus of the trust estate and not income payable to the life tenant. This rule necessarily results from the holding of this court in Simpson v. Millsaps, 80 Miss. 239, 31 So. 912, and is in accord with the Pennsylvania rule there adopted. Earp's Appeal, 28 Pa. 368; In re Stokes' Estate, 240 Pa. 277, 87 A. 971. Cf. 1 Restatement, Trusts, sec. 236. This being true it will not be necessary for us to consider the many confusing authorities bearing hereon. We are not confronted here with an ordinary dividend declared at a short interval after the testator's death, paid out of earnings of the corporation before and after his death, and we express no opinion thereon.

Counsel for the appellee say that the payment of these dividends out of the corporation's surplus did not, as the sale of the stock thereafter made discloses, impair the value of the stock, but that is beside the mark. We are not concerned here with the impairment of value but only with whether this surplus was a part of the

corpus of the estate. Provine should have been permitted to charge these dividends paid out of the corporation's surplus to the dividends thereafter collected by him and to withhold from the appellee the difference thereby appearing.

One other question remains. These shares of stock up to several months before Sperry's death and about the time his will was made belonged to Mrs. Sperry. At that time she assigned the shares to Sperry, and it does not appear from the evidence that she received any compensation therefor. This being true, the appellee claims that she should recover from the administrator trustee the value of this stock, or at least should be allowed to set its value off against the judgment here rendered against her. The court below did not so hold, and on the evidence was not authorized so to do, for it is silent as to whether or not Sperry owed his wife therefor.

The decree of the court below will be affirmed in so far as it renders judgment against the appellee and authorizes Provine to set this judgment off against dividends collected by him on this corporate stock, and to that extent will remain in full force and effect. In all other respects it will be reversed and the cause will be remanded for further proceedings not inconsistent with this opinion.

So ordered.