# GARNER *et al. v.* SPERRY.

(Division A.  June 6, 1938.  Suggestion of Error Overruled June 30, 1938.)

[181 So. 738.  No. 33150.]

H. Talbot Odom, of Greenwood, for appellants.

A. H. Bell and R. C. McBee, both of Greenwood, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

G. A. Sperry died, leaving a will by which he bequeathed and devised his property as follows:

"I hereby give and bequeath to my good wife, Aliph Elnora, all of the property, real, personal and mixed, of which I shall die seized and possessed, to be held in trust for and during her natural life by my executor, for her benefit upon the following terms and conditions, that is to say: my executor shall take possession of all of said property, real, personal and mixed, of which I shall die seized and possessed and give to her annually during her lifetime all of the net income from said property, and at her death, all property then on hand and in the control and possession of my said executor is hereby bequeathed to my four sisters, Mrs. C. W. Brown, Minter City, Mississippi, Mrs. G. C. Pruitt, Minter City, Mississippi, Mrs. Tom Buntin, Jackson, Tennessee and Mrs. Neal Anderson, Jackson, Tennessee, and to the children living at that time of my deceased sister, Mrs. G. W. Johnson, formerly of Lake Wilson, Minnesota, said four sisters to each have a one-fifth interest and the children then living of my said deceased sister to have a one-fifth inter-

est.'' The will then nominated W. D. Garner as the executor thereunder. Garner qualified, administered the testator's estate for several years when he died, and his widow, Anna T. Garner, was appointed as administratrix of his estate, and B. B. Provine was appointed administrator de bonis non cum testamento annexo of Sperry's estate. The corpus of Sperry's estate, consisting principally of corporate stock owned by Sperry at the time of his death, was delivered to Provine by Mrs. Garner.

On March, 9, 1937, Mrs. Garner filed a fourth and final account for her husband as executor of Sperry's estate, from which it appears that when W. D. Garner died he had received and had not disposed of two dividends on the corporate stock owned by Sperry at the time of his death, and also some additional money received from other sources. Provine, Mrs. Sperry and the remaindermen under Sperry's will were summoned to appear and contest this account. It appears from the petition accompanying this account that Garner had practically finished the administration, of Sperry's estate and had collected all moneys due Sperry ''except a claim against Mrs. A. E. Sperry, widow of G. A. Sperry, deceased, and upon which the said W. D. Garner as such executor during his lifetime filed suit in this court, and which said suit is now pending.''

On May 6, 1937, the chancellor made an order fixing the courthouse at Cleveland, Mississippi, as the place, and 10 o'colck A. M. of Saturday, July 3, 1937, as the time for hearing objections to this account and making a final disposition thereof.

On July 2, 1937, Provine filed an answer to Mrs. Garner's petition approving the final account accompanying it and praying that the money therein admitted to be in Mrs. Garner's hands be paid over to him. On the same day, July 2, 1937, Mrs. Sperry filed exceptions to this final account, denied that she was indebted to Sperry's estate, alleged that it was the duty of W. D. Garner to

pay over to her the two dividends received by him on the corporate stock owned by Sperry at the time of his death and prayed that the $3040.00, representing these dividends, withheld from her by W. D. Garner be paid direct to her. On July 3, 1937, the remaindermen under Sperry's will joined in the prayer of Provine's petition. The case then, on July 3, 1937, came on for hearing before the chancellor at the appointed place, and Provine and the remaindermen filed the following motion for a continuance:

"Come the administrator de bonis non and the remaindermen herein by their respective solicitors, and respectfully move the Court that this cause be continued for a short time so that these parties may offer testimony in order to show their respective rights and claims to all of the funds belonging to this estate and in the hands of Mrs. Anna T. Garner as administratrix of the estate of W. D. Garner, deceased, and shown by her fourth and final account herein."

To this motion was attached the following affidavit:

"Personally appeared before me the undersigned authority in and for said county and state, H. Talbot Odom and R. V. Pollard, who being by me first duly sworn severally state on oath that they have not had time to procure any evidence necessary to refute the claims made herein on behalf of Mrs. A. E. Sperry and to prepare their defense thereto and submit their respective clients to said funds as against the claims of the said Mrs. A. E. Sperry but can and will do so if given only a short time; that this motion is not made for delay but on order that justice may be done."

This motion was overruled by the chancellor, who then rendered a decree approving the account and directing that the $3040.00, representing the dividends on Sperry's corporate stock, be paid to Mrs. Sperry, and the remainder of the money in Mrs. Garner's hands be paid to Provine. From this decree Provine and the remaindermen appeal.

Under Sperry's will it was W. D. Garner's duty to pay the income derived by him from Sperry's property direct to Mrs. Sperry in the absence of any necessity for the appropriation thereof to the payment of Sperry's debts, which necessity does not here appear. The dividends on Sperry's corporate stock declared after his death are prima facie income (cf. Brown v. Sperry, this day decided), so that, nothing here appearing to the contrary, it became Garner's duty to pay these dividends to Mrs. Sperry unless she owed him, as executor, money to the payment of which he had the right to apply this income.

As we understand the argument of counsel for the appellants, the continuance of the case was desired in order that they might procure and introduce evidence which would prove these two last mentioned facts. The trouble here is that the chancellor was not advised, or at least it does not so appear from the record, what the character of Garner's claim against Mrs. Sperry was, or that he in fact had any such claim that could result in a judgment therefor. This being true the chancellor was not in error in overruling the motion for a continuance, and since no reason appears from the record why Garner should not have complied with his duty to pay this income to Mrs. Sperry, the court below committed no error in directing his administratrix to so do.

It is said by counsel for the appellants that all money belonging to Sperry's estate which remained in the hands of W. D. Garner should be paid by his administratrix to Provine as administrator de bonis non of Sperry's estate. This is true as to all money in Garner's hands which he held as executor charged with the duty of applying so much thereof as would be necessary to the payment of probated claims against Sperry's estate, but that rule does not apply here. Garner acted in a dual capacity. first. as executor of Sperry's estate, and second, as trustee of the corpus thereof, charged with the duty of paying the income therefrom to Mrs. Sperry. Since it

appears that Sperry's debts had been, or would be, paid out of other money in Garner's hands his duty as trustee for Mrs. Sperry's benefit came into operation, and he should have acted in accordance therewith.

Affirmed.