SPERRY'S ESTATE v. SPERRY.

(Division B. June 10, 1940. Suggestion of Error Overruled Sept. 4, 1940.)

[196 So. 653. No. 34095.]

Braxton B. Provine, Jr., of Greenwood, for appellant.

Bell & McBee, of Greenwood, for appellee.

**McGowen, J.,** delivered the opinion of the court.

B. B. Provine, administrator de bonis non of the estate of G. A. Sperry, deceased, appeals to this Court from a decree of the chancery court in favor of Mrs. G. A. Sperry. This is the fourth appearance in this Court of this case, the others being in some degree related and closely connected with the case at bar. See Garner v. Sperry, 173 Miss. 11, 161 So. 703; Brown et al. v. Sperry, 182 Miss. 488, 181 So. 734; and Garner et al. v. Sperry, 182 Miss. 570, 181 So. 738.

This statement relative to all the cases is necessary, that G. A. Sperry died testate in January, 1932. In his will he provided that Mrs. G. A. Sperry, his wife, should receive the net income from 152 shares of stock of the par value of $100 each in the Minter City Gin Company, and at her death the title of this stock was to be vested in certain named relatives. Garner was named as executor of the will and trustee as to the stock in the Gin Company.

In the first case, Garner v. Sperry, supra, this Court held that the executor of the estate was entitled to recover the amount of the Minor note and was entitled to have the judgment of the Court as to an indebtedness existing in favor of Sperry, deceased, by his wife, as shown by her book; and the case was reversed and remanded. The lower court heard proof on the issue as to

the indebtedness of the wife, Mrs. Sperry, to her husband, which resulted in a money decree in favor of the representative of the estate. That case was appealed to the Supreme Court and that judgment was affirmed in Brown v. Sperry, No. 2, supra. Prior thereto Garner, the executor and trustee, had title and B. B. Provine had been appointed the administrator de bonis non of the estate of G. A. Sperry, deceased. In the same case, Brown v. Sperry, No. 2, supra, the Court held that any dividends paid from the surplus from the Minter City Gin Company should be paid to the administrator and become a part of the corpus of the estate, and should not be paid to the appellee who was the life beneficiary of the net income of the estate. The Court there held that the surplus which existed on the day of the death of G. A. Sperry was a part of the corpus of the trust estate, and could not be depleted by an action of a board of directors in ordering a dividend paid to the life beneficiary, Mrs. Sperry.

Enforcing the Pennsylvania rule as adopted by our Court in Simpson v. Millsaps, 80 Miss. 239, 31 So. 912, we quote here that part of the opinion [182 Miss. 488, 181 So. 737] which will appear to be material hereafter: ''Counsel for the appellee say that the payment of these dividends out of the corporation's surplus did not, as the sale of the stock thereafter made discloses, impair the value of the stock, but that is beside the mark. We are not concerned here with the impairment of value but only with whether this surplus was a part of the corpus of the estate. Provine should have been permitted to charge these dividends paid out of the corporation's surplus to the dividends thereafter collected by him and to withhold from the appellee the difference thereby appearing.''

Then the Court made this announcement: ''The decree of the court below will be affirmed in so far as it renders judgment against the appellee and authorizes Provine to set this judgment off against dividends collected

by him on this corporate stock, and to that extent will remain in full force and effect. In all other respects it will be reversed and the cause will be remanded for further proceedings not inconsistent with this opinion.''

In the case of Garner v. Sperry, No. 3, supra, it was held that dividends on a testator's corporate stock declared after his death are prima facie income, so that, there being no showing to the contrary, it was the executor's duty to pay dividends to the wife unless she owed him, as executor, money to the payment of which he could apply that income; and it affirmed the lower court's decree that Mrs. Sperry was entitled to receive $3040, dividends theretofore declared by the directors. A casual reading of that opinion will show little or no defense was offered by the parties to her demand for the payment of the dividends by the executor or trustee.

After the disposition of all these cases in the Supreme Court, Provine, administrator, etc., sued out a writ of garnishment based on his money decree against Mrs. Sperry and had same served on Mrs. Garner, administrator of the estate of Garner, deceased, who had been executor and trustee of the estate of Sperry, deceased. She then held this $3040, adjudged to Mrs. Sperry by this Court, in her hands, it having not been paid out by her husband in his lifetime.

Mrs. Garner answered in the chancery court, admitted the indebtedness subject to certain charges which were agreed to be correct, and thereupon an issue was made up between Provine, administrator, etc., and the remaindermen on this garnishment issue, and the answer of Mrs. Garner praying directions to the Court as to whom the money should be paid. The remaindermen contended that the money should be paid to Provine, administrator. Mrs. Garner asserted that by decree of the Court her right to it was settled by the Supreme Court in Garner v. Sperry, No. 3, supra, and that the decision and judgment of that Court were res adjudicata upon the garnishment issue. Mrs. Sperry set up that she had assigned

her interest in the $3040 to Mrs. W. H. Minor. Mrs. Minor came into Court and asserted her right to the fund on the interpleader by virtue of the assignment in writing made to her by her sister before the issuance and service of the writ of garnishment.

There was then still pending before the chancery court the issue of whether or not certain dividends should be paid to Mrs. Sperry as net income, or whether or not the dividends so declared and ordered paid were part of the surplus accumulated on the stock at the date of the death of the testator, Sperry. The pleadings are too voluminous for us to undertake to analyze, but all the parties in interest were before the Court. It is important to state that the appellant administrator and the remaindermen in the trust estate asserted that the case of Brown v. Sperry, supra, No. 2, was res adjudicata. In other words, that this Court has already held that the dividends claimed by the administrator and the remaindermen had been paid out of surplus and that the Court only remanded the case for the purpose of a calculation to ascertain the amount. We have set forth, supra, exactly what was said in that opinion. When the case came on for trial, the issues all having been made up, there was offered on behalf of Mrs. Sperry additional evidence, especially including the evidence of an auditor undertaking to establish that on a true accounting between the parties the dividends that had been ordered paid annually were paid from earned income, and not from the corpus of the estate, which was the surplus existing at the time of the testator's death.

It would require a whole book to set forth the audit— suffice it to say that the evidence tended to show, and the chancellor could have believed, that there had not been any actual losses by the corporation in the operation of its business, and that by its course of book-keeping in the five years the board of directors had by overcharges brought about a condition that amounted to 42% in depreciation of the value of the holdings of this

corporation, and it was the auditor's opinion that there had not been any payments of dividends by the directors other than from earned incomes annually. And it is unquestionably true that the charges for depreciation had reduced the value of the property to about 80% which was below par at about the time they sold their physical holdings and their corporate stock to another Gin Company. The physical value made on behalf of the purchaser and the seller of that property was in excess of $42,000, the par value stock of the corporation was $30,000, yet the books show that value to be $25,000. An officer of the corporation testified that the property was undervalued. The auditor testified that it was the custom of corporations in order to avoid income taxes to charge heavy depreciation in order to reduce or absorb a showing on their books of income. It is our judgment that in four years at the same rate of depreciation the valuation of the physical properties would have been nothing if they had reduced their earnings by the route of depreciation in the same ratio. This is our conclusion and a mass of figures would be uninteresting and unprofitable.

On this additional evidence the chancellor held that on the conflict of evidence all the dividends paid by the order of the board of directors was from earned income, and no part of it from surplus. The appellees had offered the record in the prior cases, including the evidence of McSham, an auditor, which was before this Court in Brown v. Sperry, No. 2, supra.

The main error assigned in this case is that the chancellor erred in permitting additional testimony, especially the evidence of Powell, the auditor of Mrs. Sperry, the appellee, on the ground that the plea of res adjudicata should be sustained. An examination of the opinion of the case pleaded as res adjudicata convinces us that on the record before the Court at that time there could have been no question but that some dividends had been paid from the surplus existing at the time of Mr. Sperry's death, and the court on that record could not

have held otherwise, but the Court did not undertake to say, nor could it have said from the confused state of that record, how much in dollars and cents that amounted to. The case was reversed and remanded generally without specific directions and without limitations, so that we are of opinion that the plea of res adjudicata is not sustained by the opinion and judgment in the former case. In order to ascertain the amount to be charged to and held against Mr. Sperry it was absolutely necessary to take additional proof. Where a case is reversed and remanded generally by this Court, it is in the lower court tried de novo. Additional pleadings may be interposed and additional evidence on the pleadings. See Peoples Bank, etc. v. Pennington, 137 Miss. 653, 102 So. 386, 103 So. 144; Pigford v. Ladner, 142 Miss. 435, 107 So. 658.

If there had been no new evidence offered or sufficient evidence to produce a conflict from the evidence offered when the case was first before this Court, then we would hold the case being the same that by the law of the case the former opinion controls, but not so where new evidence was offered thereby creating a conflict between the two auditors.

The action of the board of directors in passing these dividends made a prima facie case for the appellee, Mrs. Sperry. The burden of proof was upon the administrator and the remaindermen to overcome the prima facie case thus made.

On this conflict in the evidence we cannot say the chancellor was manifestly wrong in holding that due to depreciation the actual business showed earned income instead of payments of dividends from prior accrued surplus. The accounting here is between the parties who are entitled on the one hand to net income and on the other hand to the corpus of the estate. This is not a supervision of the directors, but their action is not binding upon either party. The problem of a court of equity is to ascertain the facts as to whether or not a particular dividend ordered by a board of directors has

been actually earned as income, or whether they have directed it to be paid from a prior existing surplus. This is hard to ascertain, but it can be done, and on this case the burden of proof was upon the appellants. The chancellor was of the opinion that they did not meet that burden and so held. The rule is that a board of directors may not destroy the remaindermen's estate in whole or in part by paying it out in dividends which had not been earned since the corpus of the estate accrued. On the other hand the board of directors could not deprive the life tenant, we will say, of her right to the net income by making unwarranted charges of depreciation which would destroy a showing as to net income. This statement of the rule is but the application of what was said in Simpson v. Millsaps, supra, and the argument of the Court there in support of the Pennsylvania rule.

In further support of the position of the court below, it was shown there that the directors' books were not received by the government as proper criterion for the payment of taxes in that they were required on an occasion to pay more than they had reported, and in further support the auditor testified that it was the custom of corporations to lower their earned income by charging up a higher depreciation in order to accomplish the payment of less taxes.

On the garnishment issue the evidence showed that Mrs. Sperry had assigned to her sister the $3,040 claim or judgment allowed her by this Court. A part of the consideration of that assignment was the future support of the assignee. The contention was that the assignment as to the garnishment creditor was void. We do not reach the decision of the question as to whether or not the former decision of the Court was res adjudicata as against the garnishment creditor where the latter was the same person who had litigated the right to the money with the debtor theretofore. It is shown in this record undisputed that Mrs. Sperry owned sufficient real estate with which to pay the balance of the judgment found to

be due by the Court in the decree here appealed from. The assignment was good as between Mrs. Minor and Mrs. Sperry there being ample property from which the judgment creditor could get satisfaction for his debt. It is unnecessary to consider the validity or not of this assignment between the two sisters.

Affirmed.