467 So.2d 672 (1985)
Frank MILLER
v.
Lula Bell Miller WATSON, Sole and Only Heir-at-Law in the Matter of the Estate of Eunie Elkins Miller, Deceased.
No. 54-675.
Supreme Court of Mississippi.
April 10, 1985.
*673 Lee S. Coleman, Coleman, Coleman & Coleman, West Point, for appellant.
Thomas A. Coleman, Ackerman, for appellee.
Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.
DAN M. LEE, Justice, for the Court:
This appeal comes to us from the Chancery Court of Choctaw County and represents the second time the dispute between these parties has been appealed to this Court. As such, the procedural history of this case is a lengthy one and an understanding of it is imperative to a resolution of this appeal. On July 28, 1980, Mrs. Lula Bell Miller Watson, the Administratrix of the Estate of Mrs. Eunie Elkins Miller, her mother, filed a petition in the Chancery Court of Choctaw County seeking to be adjudicated the sole heir at law of her mother. She also sought to confirm in herself title to certain lands which had belonged to her mother. Mrs. Watson and her brother, J.D. Miller (deceased), were the only children of their parents, Mrs. Eunie Elkins Miller and Arthur Miller. (Arthur Miller had predeceased Mrs. Eunie Elkins Miller by several years.)
Frank Miller, the appellant, filed an answer to Mrs. Watson's petition in which he claimed to be the illegitimate child of J.D. Miller. In his answer he sought a one-half share of the estate of his alleged grandmother, Mrs. Eunie Elkins Miller. The chancery court, relying on Trimble v. Gordon, 403 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), held that Miss. Code Ann. § 91-1-15 (1972) was unconstitutional in that it failed to provide illegitimates with an equal protection of the law. The chancellor's decision was subsequently appealed to this Court where we reversed and held that the constitutionality of § 91-1-15 had not been properly raised in the court below and therefore the chancellor was without authority to address that issue. Estate of Miller v. Miller, 409 So.2d 715 (Miss. 1982).[1] The cause was remanded to the Chancery Court of Choctaw County so that the parties could amend their pleadings and there could be a new trial on the merits. The instant appeal is the result of the trial on remand.
Following the remand, the parties amended their pleadings to address the constitutionality of Miss. Code Ann. § 91-1-15 (1972). That cause was heard on a stipulation of facts. The stipulation reads as follows:
1. That Frank Miller is the illegitimate son of J.D. Miller and the grandson of the decedent Eunie Elkins Miller.
2. That Frank Miller has known since early childhood that J.D. Miller was his father.
3. That Frank Miller was born October 21, 1939, and thus became twenty one (21) years of age on October 21, 1960.

*674 4. That the testimony of all witnesses who testified at the first trial of this case would be the same as it was during the first hearing.
This time the chancellor decided that Miss. Code Ann. § 91-1-15 (1972) was indeed constitutional. Because that statute required both marriage of the parents and acknowledgment of the child, the chancellor's ruling that it was constitutional effectively barred Frank Miller from his claim of a right to inherit. The chancellor then ruled that it was not necessary to pass on the question of whether Miller's claim was barred by a statute of limitations.
Frank Miller now brings this appeal and assigns as error the chancellor's ruling that Miss. Code Ann. § 91-1-15 (1972) was constitutional.
In the first appeal of this cause, this Court admonished the parties for their failure to appropriately frame and address the issues as follows:
In his pleadings, appellee did not claim that he was entitled to inherit from J.D. Miller, deceased, as his illegitimate son, nor did he attack the constitutionality of MCA § 91-1-15 (1972), providing for descent among illegitimates, upon equal protection grounds as discriminating against illegitimates. While the appellant did plead the adverse possession statute, Section 15-1-7, Miss. Code Ann. (1972), as a bar to the claim of appellee, she did not plead the six-year general statute of limitations contained in Section 15-1-49, Miss. Code Ann. (1972). The parties, in their pleadings, should have hit the issues of illegitimacy, unconstitutionality and statute of limitations head on like two wild rams during the mating season. Instead, they danced, bobbed and weaved like boxers in the ring, skirting those questions.
409 So.2d at 716, 717.
On this appeal the parties have reared back and squarely crashed heads on the issue of constitutionality of Miss. Code Ann. § 91-1-15 (1972). Unfortunately, in their eagerness to lock horns, the parties have once again failed to address the relevant issues. In between the first decision by the chancery court and this Court's first opinion in this matter, the Mississippi Legislature amended § 91-1-15 so as to expressly provide for an illegitimate's right to assert heirship. Miss. Code Ann. § 91-1-15 (Supp. 1981).
When this Court remands a case for a new trial it is to be tried de novo in the lower court. Clark v. Clark, 203 Miss. 28, 33 So.2d 293 (1948); Sperry's Estate v. Sperry, 189 Miss. 321, 196 So. 653 (1940); Pigford v. Ladner, 142 Miss. 435, 107 So. 658 (1926); Peoples Bank in Liquidation v. Pennington, 137 Miss. 653, 102 So. 386, modified on suggestion of error, 137 Miss. 653, 103 So. 144 (1925). Because the parties were to receive a trial de novo upon remand from this Court's first decision, the issue of the constitutionality of Miss. Code Ann. § 91-1-15 (1972) was no longer relevant. That section had been abbrogated. The issue on remand should properly have been whether Frank Miller was entitled to assert any claim to Mrs. Miller's estate under Miss. Code Ann. § 91-1-15 (Supp. 1981).[2] That section provided that an illegitimate may inherit in the following circumstances:
(3) An illegitimate shall inherit from and through the illegitimate's natural father and his kindred, and the natural father of an illegitimate and his kindred shall inherit from and through the illegitimate according to the statutes of descent and distribution if:
(a) The natural parents participated in a marriage ceremony before the birth of the child, even though the marriage was subsequently declared null and void or dissolved by a court; or
(b) There has been an adjudication of paternity or legitimacy before the death of the intestate; or

*675 (c) There has been an adjudication of paternity after the death of the intestate, based upon clear and convincing evidence, in an heirship proceeding under sections 91-1-27 and 91-1-29. However, no such claim of inheritance shall be recognized unless the action seeking an adjudication of paternity is filed within one (1) year after the death of the intestate or within ninety (90) days after the first publication of notice to creditors to present their claims, whichever is less; and such time period shall run notwithstanding the minority of a child. No claim of inheritance based on an adjudication of paternity, after death of the intestate, by a court outside the State of Mississippi shall be recognized unless:
(i) Such court was in the state of residence of the intestate at the time of the intestate's death;
(ii) The action adjudicating paternity was filed within (90) days after the death of the intestate;
(iii) All known heirs were made parties to the action; and
(iv) Paternity or legitimacy was established by clear and convincing evidence.
Because Frank Miller's answer included a cross-petition in which he alleged that he was the illegitimate son of J.D. Miller and therefore entitled to an interest in Mrs. Eunie Elkins Miller's estate, that issue was sufficiently raised by the pleadings. Furthermore, because the parties stipulated that Frank Miller was indeed the illegitimate son of J.D. Miller and, because they agree that they are the only two interested parties in the estate, we are of the opinion that Frank Miller should have been adjudicated an heir of Mrs. Eunie Elkins Miller's estate.
As to the applicable statute of limitations, as we have previously stated, when this action was remanded it should have been tried under Miss. Code Ann. § 91-1-15 (Supp. 1981). That section plainly gave illegitimates a new right of action. For those whose claims arose prior to the passage of the amended statute the right was contingent upon filing prior to July 1, 1984. See Miss. Code Ann. § 91-1-15 (Supp. 1981), (Supp. 1983); and Matter of Estate of Kimble, 447 So.2d 1278 (Miss. 1984).
Based on all of the foregoing, we come to the conclusion that the chancery court once again erred in addressing the constitutionality of Miss. Code Ann. § 91-1-15 (1972). We therefore reverse and remand this cause to the Chancery Court of Choctaw County so that a decree may be entered in conformance with this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
WALKER, P.J., dissents.
NOTES
[1] The original opinion in this cause was decided when our state's post Trimble jurisprudence was in its developmental stage. See Knight v. Moore, 396 So.2d 31 (Miss. 1981); Estate of Kidd v. Kidd, 435 So.2d 632 (Miss. 1983); Witt v. Mitchell, 437 So.2d 63 (Miss. 1983); Matter of Estate of Kimble, 447 So.2d 1278 (Miss. 1984); Berry v. Berry, 463 So.2d 1031 (Miss. 1984).
[2] That section was subsequently amended in 1983; however, the amendment does not affect the issues raised here.